ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Lobar, Inc. | )  ASBCA No. 59178 |
| | ) |
| Under Contract No. W912QR-11-C-0062 | ) |

APPEARANCE FOR THE APPELLANT:     R. Dale Holmes, Esq.
    Cohen Seglias Pallas Greenhall &
     Furman PC
    Philadelphia, PA

APPEARANCES FOR THE GOVERNMENT:     Thomas H. Gourlay, Jr., Esq.
    Engineer Chief Trial Attorney
    Kevin M. Finley, Esq.
    Engineer Trial Attorney
    U.S. Army Engineer District, Louisville

## OPINION BY ADMINISTRATIVE JUDGE STEMPLER ON GOVERNMENT'S MOTION TO STAY PROCEEDINGS

Appellant appeals under the Contract Disputes Act, 41 U.S.C. §§ 7101-7109, from the alleged deemed denial of its 26 November 2013 differing site conditions claim in the amount of $1,412,348.00. The government moves to stay proceedings until 12 May 2014 to permit the contracting officer to issue a final decision. The Board, *sua sponte*, directed the parties to address whether appellant's appeal is premature and, therefore, whether the Board lacks jurisdiction to adjudicate this appeal. Both parties have responded.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On or about 29 September 2011, the United States Army Corps of Engineers awarded Contract No. W912QR-11-C-0062 to Lobar, Inc., for the design and construction of an Army Reserve Center in Newtown Square, Pennsylvania (compl. ¶¶ 1-2).

2. By letter to the contracting officer (CO) dated 26 November 2013, Lobar submitted a certified claim seeking $1,412,348.00 and a 257-day time extension due to an alleged differing site condition (compl. ¶ 51; gov't br., attach.1). Lobar submitted its claim to the CO by email dated 26 November 2013 (gov't br., attach. 1). Both appellant and the government provided copies of the email that show appellant submitted the claim to the CO on 26 November 2013 at 3:03 PM (app. opp'n to gov't mot. to stay proceedings, attach. 1; gov't br. attach. 1). The government has neither asserted nor

provided evidence that the CO did not receive the claim on that date. Subsequently, Lobar also sent a copy of its claim to the contracting officer's representative (COR) by email dated 5 December 2013 (gov't br., attach. 2). The COR acknowledged receipt of Lobar's claim on behalf of the government by letter dated 5 December 2013. The COR's acknowledgment letter, however, did not indicate when the government received the claim. (Gov't mot. to stay proceedings, attach. 2) We find that the CO received the claim on 26 November 2013.

3. By letter to Lobar dated 3 February 2014, the CO stated:

> I am writing to follow up on USACE Letter No. 42, dated December 5, 2013, which acknowledged the Request for a Contracting Officer's Decision you submitted in Lobar Letter No. 0050. Since your claim is for more than $100,000, FAR Clause 52.233-1, "Disputes," requires that the Government notify you as to when the Decision will be made within sixty (60) days of receipt of the Request. Accordingly, I am notifying you that the Contracting Officer's Decision requested in Lobar Letter No. 0050 will be issued on or before May 12, 2014.

(Gov't mot. to stay proceedings, attach. 3)

4. Lobar filed a deemed denial appeal by an emailed notice of appeal dated 26 February 2014, stating that the CO "failed to issue a final decision within 60 calendar days and failed to notify Lobar, Inc. within 60 calendar days of receiving Lobar's certified claim, of when she would issue her final decision."

5. By motion dated 4 March 2014, the government moved to stay proceedings until 12 May 2014 to allow the CO to issue a final decision on Lobar's claim. Appellant opposes the motion.

6. By Order dated 5 March 2014, the Board directed the parties to provide a copy of Lobar's 26 November 2013 and 5 December 2013 emails (SOF ¶ 2), with evidence of the date of receipt by the CO and the COR, respectively. The Board also, *sua sponte*, directed the parties to provide their views as to whether the appeal was premature and whether the Board had jurisdiction to adjudicate the appeal. No further documents, not referenced previously in our statement of facts were submitted.

## DECISION

As the proponent of the Board's jurisdiction, appellant bears the burden of establishing jurisdiction by a preponderance of the evidence. *Cedars-Sinai Med. Ctr. v.*

2

*Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993); *Hanley Indus., Inc.*, ASBCA No. 58198, 14-1 BCA ¶ 35,500 at 174,015. We accept as true only uncontroverted factual allegations; disputed jurisdictional facts are subject to fact-finding by the Board. *Green Dream Grp.*, ASBCA No. 57413 *et al.*, 12-2 BCA ¶ 35,145 at 172,520; *Inchcape Shipping Servs.*, ASBCA No. 57152 *et al.*, 10-2 BCA ¶ 34,578 at 170,475-476.

With respect to contractor claims over $100,000, the Contract Disputes Act (CDA) requires the CO, "within 60 days of receipt of a submitted certified claim," to either issue a decision or "notify the contractor of the time within which a decision will be issued." 41 U.S.C. § 7103(f)(2); *Fru-Con Constr. Corp.*, ASBCA No. 53544, 02-1 BCA ¶ 31,729 at 156,757. The CO's failure to issue a decision on a claim "within the required time period" is deemed a denial of the claim and "authorizes an appeal or action on the claim." 41 U.S.C. § 7103(f)(5); *Dillingham/ABB-SUSA, a Joint Venture*, ASBCA Nos. 51195, 51197, 98-2 BCA ¶ 29,778 at 147,557.

The CO's 3 February 2014 notification of when she would issue her final decision on Lobar's claim was issued 69 days after the 26 November 2013 date on which appellant submitted its claim to the CO via email, but only 60 days after the COR's 5 December 2013 acknowledgment of receipt. The parties do not dispute that the CO received the claim on 26 November 2013 (SOF ¶ 2). The government contends, however, that appellant "was put on notice" that the government considered the claim submitted "on December 5, 2013, the date of Appellant's last submission" and that appellant's failure to respond to the COR's acknowledgment letter constituted acceptance of that date as the date of the government's receipt of its claim (gov't br. at 1). The government argues that the CO's notification was therefore timely and Lobar's appeal is premature (*id.*). The government has failed to cite any authority – and we have found none – in support of its position that a contractor's subsequent submission of a copy of its claim to a COR restarts the 60-day period established by the CDA. Since the CO's 3 February 2014 notification did not occur within 60 days of receipt of the claim by the CO, we hold therefore the CDA authorized appellant to file this appeal, and we have jurisdiction.

The government also moves to stay proceedings until 12 May 2014 to allow the CO to issue a final decision as contemplated by her 3 February 2014 letter. The CDA grants this Board discretion to stay proceedings of an appeal to obtain a contracting officer's final decision on a claim. 41 U.S.C. § 7103(f)(5). Appellant opposes the motion to stay proceedings, confusing the government's stay request with the jurisdiction of the Board. We have held that jurisdiction is proper. Appellant does not oppose the stay request if "the Government is willing to commit to good faith negotiations concerning its [Lobar's] claim, or if the Government is willing to agree to Alternate [sic] Dispute Resolution to resolve this dispute" (app. opp'n to gov't mot. to stay proceedings

at 2). We conclude that the issuance of a CO's decision will better enable the parties to potentially settle this appeal and therefore grant the motion to stay proceedings until 12 May 2014 to issue a CO's decision.

Dated: 18 April 2014

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

PETER D. TING
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59178, Appeal of Lobar, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4